THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

| | |
|---|---|
| MICHAEL E. PETTIT )<br>          Plaintiff,   )<br>         vs.    )<br>UNITED STATES DISTRICT   )<br>COURT DISTRICT FOR THE<br>DISTRICT OF UTAH, and<br>UTAH HIGHWAY PATROL   )<br>        Defendants.  ) | Case No. 2:16-cv-01201-DS<br><br>MEMORANDUM DECISION<br>AND ORDER |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## I. INTRODUCTION

Mr. Pettit filed this Complaint in the United States District Court for the Eastern District of Arkansas. Subsequently, the matter was transferred to the District of Utah and assigned to this Court. The Complaint, which is less than clear, was characterized upon transfer to this district as a prisoner civil rights lawsuit. The essence of the Complaint appears to be that Mr. Pettit wants the return of some $2000 he asserts was unlawfully taken when he was stopped and arrested by Troopers of the Utah Highway Patrol ("UHP"). Presumably, Mr. Pettit invokes 42 U.S.C. § 1983 as the basis of his alleged deprivation.

In 2013, Mr. Pettit was indicted in the United States District Court for the District of Utah on one count of possession of cocaine with intent to distribute, in violation of 21 U.S.C. § 841(a)(1), after UHP Troopers discovered 2.5 kilograms of cocaine hidden in a vehicle he was driving. After a jury trial before this Court, Mr. Pettit was found guilty and

sentenced to ten years of imprisonment to be followed by eight years of supervised release. See Case No. 2:13-cr-00286-DS.

On August 1, 2014, Mr. Pettit filed in Case No. 2:13-cr-00286-DS a Motion for Return of Property pursuant to Federal Rule of Criminal Procedure 41(g), asserting that approximately $3000 had been unlawfully seized. In an order dated October 6, 2014, this Court denied that motion because there was no evidence that the United States ever seized, forfeited, or physically possessed the cash at issue. The Court noted that should he discover that the cash was in the possession of the State of Utah, Mr. Pettit had an adequate remedy at law in the Utah State Courts. See October 6, 2014 Order. On June 6, 2016, Mr. Pettit filed in Case No. 2:13-cr-00286-DS a second Motion for Return of Property which focused on the same $3000. That Motion was also denied. See July 8, 2016 Order.

## II. DISCUSSION

The Court has reviewed Plaintiff's Complaint with the deference due his *pro se* status. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Because Plaintiff is proceeding *in forma pauperis*, the Court is directed to dismiss such a case at any time if it determines that the action is frivolous or malicious or fails to state a claim on which relief may be granted. 28 U.S.C. 1915(e)(2)(B). The Court on its own may also dismiss a complaint pursuant to Fed. R. Civ. P 12(b)(6) for failure to state a claim. *Hall*, 935 F.2d at 1109-10.

Although the pleadings in *pro se* cases are to be liberally construed, "[t]he broad reading of the Plaintiff's complaint does not relieve [him] of the burden of alleging sufficient

facts on which a recognized legal claim could be based." *Id*. While Plaintiff need not describe every fact in specific detail, "conclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based." Id. The Complaint must present sufficient allegations of fact, assumed to be true, that "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The complaint must present "enough facts to state a claim to relief that is plausible on its face." *Id*. at 550.

Jurisdictional questions can be raised at any time by a court on its own motion. *First State Bank & Trust Co. v. Sand Springs State Bank*, 528 F. 2d 350, 353 (10th Cir. 1976). Here, Mr. Pettit names as defendants the United States District Court for the District of Utah and the Utah Highway Patrol. As for the District Court, "[a]bsent a waiver, sovereign immunity shields the Federal Government and its agencies from suit." *FDIC v. Meyer*, 510 U.S. 471, 475 (1994). Unless the United States waives immunity and consents to suit, sovereign immunity is a jurisdictional bar to such actions. *Id*. "Because immunity is assumed until proven otherwise, the plaintiff bears the burden of proving that the sovereign has waived its immunity and that the Court has the jurisdictional right to hear the case. *Cheyenne-Arapaho Gaming Comm'n v. Nat'l Indian Gaming Comm'n*, 214 F. Supp. 2d 1155, 1164 (N.D. Okla. 2002) (citing *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 188 (1936). Mr. Pettit has not established waiver of immunity by the United States, nor can he. Absent jurisdiction, the District Court must be dismissed from the lawsuit.

As for the UHP, the Eleventh Amendment operates as a jurisdictional bar to suits in federal court against a state and arms of the state that have not consented to suits of

that specific kind. *Wagoner Cty. Rural Water Dist. No. 2 v. Grand River Dam Auth.*, 577 F.3d 1255, 1258 (10th Cir. 2009) (citing *Steadfast Ins. Co. F. Agric. Ins.* Co., 507 F.3d 1250, 1252-53 (10th Cir. 2007). Section 1983 does not abrogate a state's Eleventh Amendment immunity. *Ellis v. Univ. of Kan. Med Ctr.*, 163 F.3d 1186, 1196 (10th Cir. 1999). Utah has not waived its immunity. Utah Code Ann. § 63G-7-201(4)(b). Because the Utah Highway Patrol, through the Utah Department of Public Safety, constitutes an arm of the state of Utah it cannot be sued in federal court due to its Eleventh Amendment immunity. *See Schaefer v. Wilcock*, 676 F. Supp. 1092, 1098 (D. Utah 1987) (holding UHP "immune from any suit in federal court, whether based on § 1983 or on breach of any state law obligation); Absent jurisdiction, the Utah Highway Patrol must be dismissed.

### III. CONCLUSION

For the reasons stated, Mr. Pettit's Complaint is dismissed.

IT IS SO ORDERED.

Dated this 8th day of March, 2017

BY THE COURT:

*David Sam*

DAVID SAM
SENIOR JUDGE
UNITED STATES DISTRICT COURT